IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. MULLINS | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:08CV275-LG-RHW |
| | § | |
| TANGO TRANSPORT, LLC and | § | |
| LINCOLN GENERAL INSURANCE CO. | § | DEFENDANTS |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [5] filed by the plaintiff, Stephen W. Mullins. The plaintiff alleges that the matter in controversy does not exceed $75,000. The defendant, Tango Transport, LLC, responded to the Motion, but Mullins did not file a reply.[1] Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Remand should be denied.

### FACTS

On April 22, 2008, Mullins filed a Complaint against Tango Transport and its insurer in the Circuit Court of Jackson County, Mississippi. In his Complaint, Mullins asserts that his vehicle was struck by an eighteen-wheel truck owned by Tango Transport on Interstate 20 in Vicksburg, Mississippi. He alleges that the accident was caused by the negligence of Tango Transport's employee and that the employee fled the scene of the accident, before being apprehended in Louisiana. Mullins seeks the following damages as a result of the accident: personal injury, loss of use, property damages, any and all consequential damages suffered, and punitive damages "in an amount to be determined by a jury and all costs herein." (Compl. at 4). Tango Transport removed the case to this Court, and Mullins filed a Motion to Remand.

---

[1] The defendant, Lincoln General Insurance Co., has not made an appearance in this lawsuit.

## DISCUSSION

It is undisputed that diversity of citizenship exists among the parties. However, the parties disagree over whether the amount in controversy is satisfied. The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When the complaint does not specify the dollar amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). There are two ways in which the defendant can satisfy this burden. First, the defendant may show that it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003). If the amount in controversy is not facially apparent, the defendant may demonstrate that jurisdiction exists by setting forth facts contained in either the removal petition or the complaint that support a finding of the jurisdictional amount. *Garcia*, 351 F.3d at 639. The precise quantum of evidence required to preponderate and thereby show an amount in controversy sufficient to establish diversity jurisdiction is unclear. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

Here, the Complaint does not contain any details which would clarify the extent or severity of Mullins' personal injuries or amount of property damage. Mullins does seeks an

award of exemplary or punitive damages.  Tango Transport has provided an affidavit signed by its Senior Vice-President, Ralph Nelson, in which he asserts that the net worth of Tango Transport for the 2007 fiscal year exceeded $10 million.  Thus, Tango Transport asserts that Mullins could potentially be awarded punitive damages in the amount of $200,000.  *See* Miss. Code Ann. §11-1-65(3)(a)(vi) (providing that awards of punitive damages should not exceed two percent of a company's net worth where the company makes less than $50,000,000).[2]  The United States District Court for the Northern District of Mississippi has been confronted with similar evidence regarding a defendant's net worth.  *See Peterson v. Interfoods of America*, No. 1:06cv202, 2006 WL 36226946 (N.D. Miss. Dec. 11, 2006).   Peterson sued Interfoods, the owner of a Popeye's Chicken restaurant, for serving her spoiled chicken.  *Peterson*, 2006 WL 3626946 at *1.  Interfoods submitted an affidavit that its net worth was $1.8 million, and therefore any punitive damages award was limited to $36,000.  *Id.* at *2.  However, since there was no evidence before the Court regarding Peterson's actual damages and the complaint left open the possibility that the actual damages were minimal, the Court found that Interfoods had not met its burden of demonstrating the amount in controversy by a preponderance of the evidence.  *Id.*  However, the Court finds that the *Peterson* case is distinguishable from the present case.  In *Peterson*, Interfoods merely established that a punitive damages award could equal $36,000, which is less than half of the jurisdictional minimum.  In the present case, Tango Transport has demonstrated that the punitive damages award alone could equal $200,000.

The Court notes that "the preponderance burden forces the defendant to do more than

---

[2] Mullins did not file a reply in support of his Motion to Remand and has not submitted any argument to the Court regarding whether Nelson's affidavit has demonstrated that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

point to a state law that *might* allow the plaintiff to recover more than what is pled." *DeAguilar*, 47 F.3d at 1412.  However, in addition to punitive damages, Mullins seeks damages for personal injury, property damage, loss of use, and other unspecified compensatory damages resulting from a hit-and-run accident with an eighteen-wheel vehicle on an interstate highway.  When the pleadings are considered as a whole, including the description of the accident and the events that followed, the various types of damages sought, and the potential for an award of punitive damages, it is more likely than not that the amount in controversy exceeds $75,000.

Once a defendant has met its burden, the plaintiff may avoid removal jurisdiction by demonstrating that, as a matter of law, it is certain that he will not be able to recover more than $75,000 as of the time of removal.  *De Aguilar*, 47 F.3d at 1411.  However, plaintiff has provided no information regarding the amount of the actual damages suffered by Mullins other than a statement in his Motion to Remand that he suffered property damages and incurred minor medical expenses.  Neither he nor his attorney have submitted any material, documentation or affidavit that explains or limits, to an amount below the Court's jurisdictional minimum, the demand for damages in the Complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [5] filed by the plaintiff, Stephen W. Mullins, is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the Magistrate Judge of this order and shall promptly submit an order lifting the stay entered in this matter on July 28, 2008.

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2008.

                                                                                       s/ *Louis Guirola, Jr.*
                                                                                       LOUIS GUIROLA, JR.
                                                                                       UNITED STATES DISTRICT JUDGE